# EXHIBIT A

SUPREME COURT: STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------X
DARYL CAMPBELL,

                            Plaintiff,

    - against -

DELTA AIRLINES, INC. AND JOHN DOE,

                          Defendant(s).
-----------------------------------------------------X

Index No.:
Date Purchased:

SUMMONS

Plaintiff designates Dutchess County as the place of trial.

The basis of venue is: Dutchess Plaintiff resides at:
Poughquag, NY
County of Dutchess

To the above-named Defendants:

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Kingston, New York
           January 13, 2026

_____
JOSEPH E. O'CONNOR, ESQ.
O'CONNOR & PARTNERS, PLLC
Attorneys for Plaintiff
255 Wall Street
Kingston, New York 12401
Phone: (845) 303-8777

To:    DELTA AIRLINES, INC.
       c/o CORPORATON SERVICE COMPANY
       80 State Street
       Albany, NY 12207

SUPREME COURT: STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------x
DARYL CAMPBELL,

                Plaintiff,

    - against -

DELTA AIRLINES, INC. AND JOHN DOE,

                Defendant(s).
-------------------------------------------------x

Index No.:
Date Purchased:

COMPLAINT

Plaintiff **DARYL CAMPBELL**, by his attorneys, **O'CONNOR & PARTNERS, PLLC** complaining of the Defendants, respectfully alleges as follows, upon information and belief:

1. At all times herein mentioned, Plaintiff **DARYL CAMPBELL** was, and still is, a resident of the County of Dutchess, State of New York.

2. At all times herein mentioned, Defendant **DELTA AIRLINES, INC.**, was, and still is, a foreign business corporation duly organized and existing under the laws of a state other than New York.

3. At all times herein mentioned, Defendant **DELTA AIRLINES, INC.**, was, and still is, a foreign corporation duly authorized to do business within the State of New York.

4. At all times herein mentioned, Defendant **DELTA AIRLINES, INC.**, was, and still is, an unauthorized foreign corporation doing business in the State of New York.

5. At all times herein mentioned, Defendant **DELTA AIRLINES, INC.**, was, and still

is, a business entity authorized to do business in the State of New York.

6. At all times herein mentioned, Defendant **DELTA AIRLINES, INC.**, maintained a principal place of business at 1030 Delta Boulevard, Atlanta, Georgia 30354, and was at all relevant times engaged in the business of commercial air transportation of passengers.

7. At all times herein mentioned, Defendant **DELTA AIRLINES, INC.**, owned, operated, managed, maintained, supervised, and controlled the airline's operations and subject aircraft.

8. At all times herein mentioned, Defendant **DELTA AIRLINES, INC.**, had the responsibility for the control, operation, staffing, training, supervision, and maintenance of the aforesaid aircraft and its employees.

9. At all times herein mentioned, upon information and belief, Defendant **JOHN DOE** was employed by Defendant **DELTA AIRLINES, INC.**, as a flight attendant. Plaintiff is presently unable to determine the name of the individual identified herein as **JOHN DOE** as of the date hereof and therefore sues such person by fictitious designation.

10. At all times herein mentioned, upon information and belief, Defendant **JOHN DOE**, was and still is, a resident of the State of New York.

11. That on May 25th, 2025, Plaintiff **DARYL CAMPBELL** was a lawful and ticketed passenger aboard Delta Airlines Flight 1768, traveling from St. Thomas, U.S. Virgin Islands to New York, New York (John F. Kennedy International Airport).

12. That on May 25th, 2025, Plaintiff **DARYL CAMPBELL** was seated in the aisle seat

of Row 32 of the aircraft and was complying with all flight rules and crew instructions.

13. That on May 25th, 2025, while Defendant **JOHN DOE** was walking down the aisle from the rear of the aircraft carrying a tray containing scalding hot coffee, he tripped at or near plaintiff's seat.

14. As a result of the foregoing, the tray tipped and burning hot coffee spilled directly onto the plaintiff's back and shoulders, causing immediate pain and injury.

15. Upon information and belief, Defendant **JOHN DOE** was acting within the course and scope of his employment as a flight attendant.

16. The coffee was excessively hot and caused plaintiff to suffer burns, pain and physical and emotional harm.

17. That the injuries sustained by the Plaintiff **DARYL CAMPBELL** were caused solely by the negligence, carelessness, and recklessness of the Defendants, their agents, servants, employees, including but not limited to, negligently serving and transporting scalding hot beverages in a manner that created an unreasonable and foreseeable risk of harm to passengers, in failing to ensure the aisle was clear and safe for beverage service, in failing to properly control and secure a tray of scalding liquids, and in failing to protect seated passengers from foreseeable hazards associated with hot beverage service.

18. That at all times herein, Defendant **JOHN DOE** was acting within the course and scope of his employment, and the defendant is therefore vicariously liable.

19. As a result of the Defendants' negligence, the Plaintiff **DARYL CAMPBELL** was

caused to sustain severe personal injuries and consequential damages solely as a result of the defendant's negligence.

20. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

21. As a result of the above, Plaintiff **DARYL CAMPBELL** has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts

22. That by reason of the foregoing, Plaintiff **DARYL CAMPBELL** has sustained damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff **DARYL CAMPBELL** demands judgment against the Defendants **DELTA AIRLINES, INC.** and **JOHN DOE**, together with the costs and disbursements of this action.

Dated:   Kingston, New York
         January 13, 2026

                                          Yours, etc.

                                          _____
                                          JOSEPH E. O'CONNOR, ESQ.
                                          O'CONNOR & PARTNERS, PLLC
                                          Attorneys for Plaintiff
                                          255 Wall Street
                                          Kingston, New York 12401
                                          Phone: (845) 303-8777